IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**

J N

NOV 1 6 2007
(11-16-07)
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| LINDA LEWIS-RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) 07CV6525 |
| PRUDENTIAL INSURANCE | ) JUDGE ASPEN |
| COMPANY OF AMERICA, | ) MAG. JUDGE KEYS |
| | ) |
| Defendant. | ) |

## COMPLAINT

Now comes the Plaintiff, LINDA LEWIS-RICE, by her attorneys, MARK D. DE BOFSKY,

and DALEY, DE BOFSKY & BRYANT, and complaining against the Defendant, PRUDENTIAL

INSURANCE COMPANY OF AMERICA, she states:

### Jurisdiction and Venue

1.     Jurisdiction of this Court is based upon the Employee Retirement Income Security

Act of 1974 (ERISA); and, in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions

give the district court jurisdiction to hear civil actions brought to recover benefits due under the

terms of an employee welfare benefit plan which, in this case, consists of a group long-term

disability insurance plan underwritten and insured by the Prudential Insurance Company of

America ("Prudential") for the benefit of employees of Commerce Clearing House ("CCH").

2.     The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative

or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3.     Venue is proper in the Northern District of Illinois. 29 U.S.C. §1132(e)(2), 28

U.S.C. §1391.

### *Nature of Action*

4. This is a claim seeking restoration of disability income benefit payments to Plaintiff pursuant to a policy of group long-term disability insurance (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A") underwritten and insured by Prudential under Group Policy No. 41285 for the benefit of employees of CCH. This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)).

### *The Parties*

5. The Plaintiff, Linda Lewis-Rice ("Lewis") (DOB 11/xx/53), is and was a resident of Chicago, Illinois at all times relevant hereto.

6. The Defendant, Prudential, is the underwriter and insurer of the CCH Long-Term Disability Plan (the "Plan"), Group Policy No. 41285. At all times relevant hereto, Prudential was engaged in the business of insurance and in the administration of benefits under the aforementioned insurance policy within the Northern District of Illinois.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to her employment with CCH, Lewis received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

### *Statement of Facts*

8. Lewis was actively employed as an Order Department Clerk for CCH until April 22, 1992, when she was forced to stop working due to pain in her neck, arms, and back. Lewis has not been actively employed since that date. Lewis alleged disability due to post-

2

laminectomy syndrome, cervical radiculopathy, and degenerative disc disease of the cervical and lumbar spine.

9. Subsequent to ceasing active employment, Lewis made a claim for Long-Term Disability (LTD) benefits under the Plan. Lewis supported her claim with numerous medical records and other evidence certifying that she met the Plan's definition of "long-term disability," which is defined as follows:

(1) In the first 24 months of Plan payments, "long-term disability" means your inability to perform the material duties of your regular job solely because of sickness or accidental injury.

(2) After the first 24 months of Plan payments, except as described on page 17, "long-term disability" means your inability to engage in ANY occupation for which you are qualified or could reasonably become qualified based on you education, training and experience.

10. Lewis was awarded LTD benefits under the Plan commencing on October 18, 1992.

11. Concurrent with her claim for LTD benefits, Lewis also applied for and was awarded Social Security disability benefits. Lewis has continued to receive Social Security benefits since the onset of disability. The Social Security award signified a finding by the Social Security Administration that Lewis is unable to engage in "any substantial gainful activity." 42 U.S.C. §423(d)(1)(A) (definition of disabled under Social Security Act).

12. Lewis received uninterrupted LTD payments for nearly fifteen years until Prudential terminated them on August 1, 2004. At that time, with no evidence of improvement in Lewis's condition, Prudential determined that she was capable of returning to work in a full time capacity.

13. After being notified of the benefit termination, Lewis provided Prudential with multiple medical records and reports, including reports of objective medical testing, establishing

3

that her condition had worsened, not improved, and that she was unable to work at any job due to her physical impairments. Notwithstanding the submission of such evidence, Prudential upheld its decision to terminate benefits.

14.   Lewis subsequently submitted three separate appeals to Prudential on August 24, 2006, February 22, 2007, and August 27, 2007, respectively. With each appeal, Lewis provided Prudential with additional medical evidence from her treating physician verifying the severity of her condition and her consequential inability to work. Despite this additional evidence, Prudential continued to uphold its decision to terminate benefits after each appeal. In doing so, Prudential relied solely on the opinions of doctors who merely reviewed Lewis's file rather than examining her; and none of the consultants utilized by Prudential cited evidence of improvement in Lewis's condition. All required and voluntary pre-suit appeals seeking reinstatement of benefits have now been exhausted.

15.   The determination by Prudential is contrary to the terms of the Plan and has no rational support in the evidence. The decision is also contrary to the reports and assessments of all treating physicians; and by relying on the opinions of physicians who never examined the plaintiff, Prudential has denied Lewis due process of law since its determination was based on hearsay evidence that cannot constitute substantial evidence.

16.   As a direct and proximate result of the foregoing, based on the evidence submitted to Prudential establishing Lewis has met and continues to meet the Plan's disability definitions, Lewis is entitled to all benefits due since August 2004, and such benefits must continue until she recovers from disability, dies, or reaches the age of 65, whichever comes first.

WHEREFORE, Plaintiff prays for the following relief:

A.     That the court enter judgment in Plaintiff's favor and against Defendant and that the court order Defendant to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

B.     That the court order Defendant to pay Plaintiff prejudgment interest at a rate of 9% per annum on all benefits that have accrued prior to the date of judgment in accordance with 215 ILCS 5/357.9 or 5/357.9a;

C.     That the court determine and then declare that Defendant is required to continue paying Plaintiff benefits so long as she meets the policy terms and conditions for receipt of benefits;

D.     That the court award Plaintiff attorney's fees pursuant to 29 U.S.C. §1132(g); and

E.     That Plaintiff recover any and all other relief which she may be entitled, as well as the costs of suit.


Dated:  November 9, 2007

_____
One of the attorneys for Plaintiff

Mark D. DeBofsky
Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60602
(312) 372-5200
FAX (312) 372-2778

# EXHIBIT A

Confirmed 10/7/03

# CCH LONG-TERM DISABILITY PLAN

### Summary of Plan Provisions



© 1989, Commerce Clearing House, Inc.
ALL RIGHTS RESERVED

Printed in the United States of America

# CONTENTS

PAGE

INTRODUCTION ..................................................... 1

DEFINITIONS ....................................................... 3

PARTICIPATION .................................................... 5

ENTITLEMENT TO BENEFITS ...................................... 7

CALCULATION OF BENEFITS ...................................... 11

PAYMENT OF BENEFITS ........................................... 13

TERMINATION OF BENEFITS ...................................... 15

REHABILITATIVE EMPLOYMENT .................................. 17

APPEALING BENEFIT DETERMINATIONS .......................... 19

PLAN ADMINISTRATION .......................................... 19

PLAN AMENDMENT AND TERMINATION .......................... 21

MISCELLANEOUS INFORMATION REQUIRED BY THE EMPLOYEE
  RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA) .............. 23

STATEMENT OF ERISA RIGHTS ..................................... 25

INDEX ............................................................. 27

# INTRODUCTION

If you are unable to work due to illness or accidental injury that lasts longer than 180 consecutive days, you may be entitled to benefits under the CCH Long-Term Disability (LTD) Plan.

Established January 1, 1982, the Plan covers eligible employees of CCH, C T Corporation System (and participating affiliates), CCH Computax (and participating affiliates), Facts On File, National Quotation Bureau, Washington Service Bureau and State Capital Information Service.

In a nutshell: Qualifying employees who are totally disabled receive a benefit equal to 60% of basic monthly compensation as defined in the Plan. Benefits may continue for up to 24 months if you are certified totally disabled and are unable to perform the duties of your regular job. Benefits may continue for longer than 24 months if you continue to be certified disabled and are unable to do any work consistent with your education and training.

This booklet is a summary plan description, written to comply with the disclosure regulations under the Employee Retirement Income Security Act of 1974, as amended (ERISA). These regulations require that the rights, benefits and limitations of a welfare plan be explained in ordinary, nontechnical language capable of being understood by the average plan participant. This booklet is, by its nature, a summary. If there is any conflict between this summary and the complete Plan and related trust agreement, the provisions of the Plan document and trust agreement will be controlling.

Copies of the LTD Plan document are available for inspection at the headquarters locations of participating employers.

July 1989

1



# Long-Term Disability Plan

**SUMMARY PLAN DESCRIPTION**

Providing benefits for
eligible employees of ...

**Commerce Clearing House, Inc.
CCH Computax Inc.
C T Corporation System, Inc.
The Corporation Trust Company
C T Law Technology, Inc.
Facts On File, Inc.
National Quotation Bureau, Inc.
State Capital Information Service, Inc.
Washington Service Bureau, Inc.**

August 1989

# DEFINITIONS

*Active Work, Actively at Work, Active Employment*—A Plan participant's attendance in person at his or her usual and customary place of work, acting in the full-time performance of the duties of his or her occupation for wages or profit. This includes company-authorized vacation or personal leave.

*Claims Administrator*—The organization or person who is at any particular time processing claims for benefits and fulfilling other specified duties of the Claims Administrator under the Plan.

*Participant*—Any employee becoming covered under the terms and provisions of the Plan. Each active employee of CCH who has completed one year of service and who is a participant in CCH's pension plan. For Computax, the term includes all active, regular employees who have completed one year of service and are participants in CCH's pension plan, and all full-time hourly and part-time hourly employees who have ten years' service in CCH's pension plan.

*Employee*—Each active employee of an employer, including, in the case of CCH Computax Inc., all active full-time hourly and part-time hourly employees.

*Employer*—Commerce Clearing House, Inc., and its participating subsidiaries (including, at this time, CCH, C T Corporation System (and participating affiliates), CCH Computax (and participating affiliates), Facts on File, National Quotation Bureau, Washington Service Bureau and State Capital Information Service), and any other related corporation or organization that has at any time adopted the Plan, or all of them collectively, as the context requires, and their respective successors.

*First Day of Long-Term Disability*—The first day after a 180-consecutive-day period in which the Participant is unable to perform the material duties of his or her occupation solely because of sickness or accidental injury.

*First Day of Total Disability*—The first day on which the Participant is unable to perform the material duties of his or her occupation solely because of sickness or accidental injury.

*Physician*—Any person (other than the Participant or his spouse, child, brother, sister, or parent, or the child, brother, sister or parent of the Participant's spouse)

3

who is licenced by the law of the state in which treatment is received as qualified to treat the sickness or injury for which claim is made under the Plan.

*Plan*—CCH's Long-Term Disability Plan.

*Plan Administrator*—The Committee for the CCH Consolidated Pension Plan.

*Qualifying Period*—The 180-consecutive-day period during which a participant is totally disabled, commencing on the first day on which he or she is totally disabled. To be eligible to receive Plan benefits, a participant must satisfy the entire qualifying period and be determined to be totally disabled under the terms of the Plan.

*Rehabilitation Program*—A program to help any participant return to active, permanent work.

*Total Disability*—An employee is considered totally disabled when he or she is unable to perform the material duties of his or her occupation solely because of sickness or accidental injury.

*Trust*—The CCH Employee Benefit Trust that has been established to fund the benefits under the Plan.

*Trust Assets*—The total of all assets of every kind or nature, both principal and income, at any time and from time to time held in the trust.

*Trustee*—The corporation and/or individual or individuals who from time to time is or are the duly appointed and acting trustee or trustees of the trust.

4

# PARTICIPATION

### Eligibility

Active employees of CCH, C T Corporation System (and participating affiliates), CCH Computax (and participating affiliates), Facts On File, National Quotation Bureau, Washington Service Bureau and State Capital Information Service are eligible to participate in the Long-Term Disability Plan once they have completed one full year of service and have satisfied the requirements for participation in the CCH Consolidated Pension Plan (completion of 1,000 hours of employment in a 12-month period marked by anniversaries of your date of hire).

In the case of CCH Computax full-time hourly and part-time hourly employees, participation in the LTD Plan is available once you complete 10 years of qualifying service.

LTD benefits are not available to retirees.

*Commencement of participation.*—Participation begins on the date you satisfy the eligibility requirements. If you are absent from work for any reason other than approved personal leave or vacation on the date on which you become eligible, you become a participant on the date on which you return to active work.

*Termination of participation.*— Participation in the Plan ends when one of the following occurs:

(1) you are no longer an active, regular employee of a participating employer;

(2) the Plan is terminated (regardless of whether or not you are disabled);

(3) you retire under the CCH Consolidated Pension Plan.

*Disclaimer of employment obligation.*—Participation in the Plan does not limit an employer's right to discharge any participant from employment, nor does it give any employee the right to continued employment.

# ENTITLEMENT TO BENEFITS

To qualify for LTD benefits, you must be totally disabled for a 180-consecutive-day period, you must be under the regular care and treatment of a licenced physician and you must be certified disabled by the Plan's Claims Administrator, based on conclusive medical evidence. You must also have applied for Social Security disability benefits and for any benefits available to you through other disability programs, including those available through the state in which you reside.

## Total Disability and the Qualifying Period

You are considered totally disabled when you are unable to perform the material duties of your occupation solely due to sickness or accidental injury.

To qualify for Plan benefits, you must be totally disabled for a 180-consecutive-day period. During that time, you may qualify for benefits under your Employer's salary continuation/short-term disability program. Even in cases where short-term benefits are exhausted (see your Employer's separate write-up), you could be entitled to LTD benefits if your disability is continuous for 180 consecutive days.

*Recurrent and Successive Disability During the Qualifying Period*—All days from the onset of disability on which you cannot work will be considered to be "continuous" and "consecutive" days of disability if they are from the same cause, unless you are able to return to work for a period of 30 days or more during the qualifying period.

*Unrelated Disability*—If during your initial total disability qualifying period you incur an unrelated total disability while you are unable to work, you may aggregate your periods of total disability for purposes of satisfying the 180-day qualifying period.

*Recurrent and Successive Disability After the Qualifying Period*—If you return to work following a period of long-term disability and become disabled due to the same or related problems within six months following your return to work, you will not be required to complete an additional qualifying period.

## Long-Term Disability

As used in the Plan, the term "long-term disability" has two definitions:

(1) In the first 24 months of Plan payments, "long-term disability" means your inability to perform the material duties of your regular job solely because of sickness or accidental injury.

7

(2) After the first 24 months of Plan payments, except as described on page 17, "long-term disability" means your inability to engage in ANY occupation for which you are qualified or could reasonably become qualified based on your education, training and experience.

*Limitations.*—Long-term disability benefits are not paid for disabilities resulting from

(1) intentionally self-inflicted injuries;

(2) participation in a felony or as a result of such participation;

(3) services in the armed forces of any country.

## Claims Administration

Claims Administration under the Plan is handled by Thomas L. Jacobs & Associates, Inc. (TLJ), a Chicago-based independent benefits consulting firm.

As Claims Administrator, TLJ has been delegated the authority to approve or deny claims for long-term disability benefits, based on medical documentation. Forms for this purpose are provided to disabled employees.

TLJ will also advise on LTD appeals (see page 19).

## Claims for Benefits

Claims for long-term disability benefits are made on forms provided by your local benefits administrator.

These forms are forwarded to you automatically when your disability lasts longer than three and a half months if the Claims Administrator feels, based on a review of existing medical documentation, that your disability is likely to last longer than 180 days.

Included in the application packet are an Application for Long-Term Disability Benefits, an Attending Physician's Statement, and information on how to file for Social Security disability benefits.

## Conclusive Medical Evidence

To qualify for benefits under the Plan, total disability must be supported by current medical documentation. A claimant must be in the continuous care of a qualified physician under a course of treatment appropriate for the disability.

A claimant may be asked to undergo a medical examination by a physician designated by the Claims Administrator. For example, if a claimant's doctor cannot substantiate a finding of total disability with objective evidence, an independent evaluation may be required.

When a claimant cannot or will not provide conclusive medical evidence of total disability, LTD benefits will be denied or discontinued.

## Ongoing Certification of Disability

Continuation of LTD benefit payments will require ongoing certification of disability based on updated medical documentation. Frequency of claim review is determined by the Claims Administrator.

## Application for Social Security Benefits

Except in cases where return to work will occur soon after the 180-day qualifying period, all claimants for LTD benefits must apply for Social Security benefits. Information on how to file for benefits is provided with the LTD application forms.

Long-term disability benefits are offset by benefits available from Social Security. However, these projected benefits are not offset against your monthly benefit until you actually receive a Social Security award.

*When a participant receives the award which pays retroactively for the period during which he or she was eligible to receive Social Security benefits, the participant turns over those amounts to the Plan as repayment for benefits previously advanced. Participants are required to sign an agreement to this effect as a condition of receiving benefits under the Plan.*

## Application for State Disability Benefits

If you live in a state that maintains a disability program to which you and/or your employer are making contributions, please contact your local benefits administrator for information on how to file for these benefits.

# CALCULATION OF BENEFITS

## Benefit Amount

The long-term disability benefit is 60% of base monthly compensation minus other disability income (see below), with base monthly compensation defined in the Plan as follows:

(1) *For salaried employees:* the average monthly earnings (base salary, bonuses and overtime, but excluding awards and special payments) for the last 12 months of full pay immediately preceding the first date of disability (the first day of the 180-day qualifying period).

(2) *For commissioned sales representatives:* the average monthly amount of commissions attributed to the 24 months immediately preceding the first day of total disability. (For reps with less than two full years of commissions, benefit is based on the average of the total number of months on commission.)

(3) *For employees paid on the basis of salary plus commission:* the sum of (1) and (2) above.

(Any salary or earnings rate not determined on a monthly basis is determined using your normal monthly scheduled hours (exclusive of overtime) in effect on the day preceding the first day of total disability.)

*Minimum/maximum benefit.*—The minimum Plan benefit is $50 per month.

If you were a participant in your employer's pension plan prior to the consolidation of the pension plans in the CCH group, you would have the guarantee of the disability pension benefit (if greater) to which you would have been entitled under that plan on December 31, 1981. For purposes of that calculation, your years of service would run beyond December 31, 1981; to the first day of your total disability.

There is no maximum dollar amount of benefit that you may receive under the LTD Plan's formula for calculation of benefits.

11

## Offsets for Other Income

Long-term disability payments are reduced by any disability and/or income you are receiving including:

- any benefits you are eligible to receive as regular salary, commission, bonus, special payments, sick leave, vacation pay, or under any salary continuation plan;

- primary Social Security benefits (see page 9);

- benefits you are eligible to receive under the Public Employees Retirement Law, the Railroad Retirement Act, or any other federal, state, county or municipal retirement act or law;

- any employer retirement benefits;

- any benefits you are entitled to receive under other government- or CCH-sponsored disability or income or retirement plans;

- any benefits you are eligible to receive under worker's compensation or similar legislation;

- any wages attributable to the period for which benefits are being paid under the Plan, whether or not received from CCH; and

- any benefits you are eligible to receive under any plan or provision providing periodic payments for disability or providing benefits for loss of time or income.

For example: Suppose your average monthly earnings are determined to be $2,000. Your LTD benefit would be 60% of that $2,000, or $1,200. Now, assume that you also receive $350 monthly from Social Security. Your LTD benefit would be $1,200 minus $350, or $850.

*Increases in Other Income.*—Your monthly LTD payment is not recalculated if your "other income" (as described above) is increased due to scheduled or legislated increases under the Federal Social Security Act, workers' compensation, or similar legislation after you have received your first Plan payment. However, if retirement or disability benefits you receive under another program increase because you are disabled, your monthly LTD benefit will be reduced by the amount of the increase attributable to your total disability. In addition, if your primary Social Security benefit is increased because of a recalculation of your earnings (including earnings in the year you become disabled), your LTD benefit will be reduced by the amount of that increase.

## Partial Monthly Benefit

For any partial month of disability (generally the first or the last month in your disability period), you will receive one-thirtieth of your monthly benefit for each day on which you are totally disabled during the month. If you qualify only for the minimum benefit, this too will be calculated on a daily basis for partial months.

*Vacation.*—You may at any time elect to take the vacation time remaining in your first year of disability and, thereby, receive full pay for those days instead of the 60% LTD daily benefit. In computing your monthly benefit for such months, days on which you take earned vacation will be subtracted from the number of days for which you are eligible for LTD benefits. If you take a full month of vacation, the minimum LTD benefit will not be payable.

# PAYMENT OF BENEFITS

## Monthly Payments

Payments of long-term disability benefits commence on the first day of the month following the first day of Long-Term Disability.

Thereafter, payments are made on the first of each month to cover all or part of the preceding month during which you are certified disabled.

## Funding

LTD benefits are paid from the assets of the CCH Employee Benefits Trust. The Trustee is Northern Trust Bank, Chicago, Illinois. It is the intent of the Employers to prefund the Trust at the end of each year, projecting the Plan's financial needs based on recommendations of independent consultants.

# TERMINATION OF BENEFITS

With the exception of mental or nervous disorders, alcoholism or drug abuse, when all Plan conditions are met, LTD benefits continue for up to 24 months if you are unable to perform the material duties of your regular job. They could continue longer if you are unable to engage in any occupation for which you are qualified or could reasonably become qualified based on your education, training and experience. And they could continue in modified fashion if you engage in an approved program of rehabilitative employment (see page 17).

## Conditions for Benefit Termination

The foregoing rules notwithstanding, Plan benefits will be discontinued upon:

(a) your recovery from total disability;

(b) your failure to remain under the regular care and treatment of a qualified physician;

(c) your return to work, except with respect to a rehabilitative program (see 17);

(d) your inability or unwillingness to provide complete medical evidence of your total disability; or

(e) (1) if your first day of Long-Term Disability is before January 1, 1990 and if you are age 62 or older at that time, the expiration of the payment period as determined under the following schedule:

| Participant's Age at Total Disability | Benefit Payment Period |
|---|---|
| Less than 62 | Up to 65th Birthday |
| 62 but less than 63 | 42 months |
| 63 but less than 64 | 36 months |
| 64 but less than 65 | 30 months |
| 65 but less than 66 | 24 months |
| 66 but less than 67 | 21 months |
| 67 but less than 68 | 18 months |
| 68 but less than 69 | 15 months |
| 69 and older | 12 months |

15

(2) if your first day of Long-Term Disability is January 1, 1990 or thereafter, the expiration of the payment period as determined under the following schedule:

| Participant's Age at Total Disability | Benefit Payment Period |
| --- | --- |
| Less than 62 | Up to 65th Birthday |
| 62 but less than 63 | 36 months |
| 63 but less than 64 | 24 months |
| 64 and older | 12 months |

**Special Circumstances**

Payment of LTD benefits is limited to a maximum of 24 months if the disability results from:

(a) mental or nervous disorders;

(b) alcoholism or drug abuse; or

(c) addiction to or abuse of drugs or other substances including, but not limited to, substances identified by federal or state authorities as controlled substances.

## Retirement Benefits

If you have completed 10 qualifying years of service in the CCH Consolidated Pension Plan, you continue to accrue years of service for pension calculation purposes for the period of time during which you are receiving LTD benefits.

Additionally, if you are vested, you may decide to retire any time after age 55. If you retire, your disability benefits will stop and you will begin receiving your pension in any of the optional forms of payment provided under the pension plan.

# REHABILITATIVE EMPLOYMENT

The Plan also provides for a program designed to help you return to active, permanent work. However, such a program must be approved by CCH and your doctor. Rehabilitation programs may include training, physical therapy, or part-time work in your old job or a new job.

You will be considered to be engaged in a rehabilitative program if the following conditions are met:

(1) you are totally disabled; and

(2) the rehabilitative plan or program you are participating in is approved by a physician and CCH.

Your rehabilitative employment status will be reviewed at least every three months, unless your work duties change or you request a review.

While you are in a period of rehabilitative employment, your monthly LTD benefit is offset by two-thirds of your rehabilitation earnings. Your total income for that period, then, is:

(1) your rehabilitation income; plus

(2) the excess of your monthly LTD benefit from the Plan if your LTD amount was larger than two-thirds of your rehabilitation income (otherwise, a minimum Plan benefit of $50).

Suppose, for example, that your monthly earnings prior to disability were $2,000. Your LTD benefit is 60%, or $1,200. You engage in rehabilitative employment and earn $1,500 a month. Here's what you receive for those months:

(1) rehabilitation earnings: $1,500

(2) excess monthly LTD benefit:   $1,200 − ( ⅔ × $1,500 ) = $200.

Your total earnings for that period of time would be $1,700, of which $1,500 would come from earnings and $200 would come from the LTD Plan.

17

# APPEALING BENEFIT DETERMINATIONS

If you disagree with a decision regarding the benefits to which you are entitled under the Plan, you have 60 days in which to file a written appeal with the Claim Administrator. Within 90 days, your claim will be reviewed and you will receive a written decision regarding your appeal. This 90-day period may be extended for an additional 90 days if circumstances warrant such an extension.

If your claim is denied, in whole or in part, you will receive:

(1) written notification of the reason(s) for the denial;

(2) a reference to the Plan provision(s) which is the basis for the denial;

(3) a description of what you need if you choose to file an amended claim;

(4) an explanation of why that information is needed; and

(5) an explanation of the Plan's claim procedure.

You will then have 60 days after receiving the decision to file a written notice to request review of that decision by the CCH Employee Benefits Committee. Within 60 days of your written request, you will receive, in writing, notification of the Committee's decision.

# PLAN ADMINISTRATION

The CCH Long-Term Disability Plan is administered by the Committee for the CCH Consolidated Pension Plan.

This Committee has authority to make rules and regulations necessary for the administration of the Plan, to construe and interpret the Plan and to make sure that all Participants are treated uniformly and equitably.

The Committee is empowered to delegate responsibility for Plan administration, including the appointment of a Claim Administrator to advise on eligibility for participation, eligibility for benefits, amount of benefits, etc.

Day-to-day responsibility for the administration of the Plan has been delegated to the Employee Benefits Department, CCH Riverwoods, which works closely with benefits administrators in the offices of participating Employers.

19

# PLAN AMENDMENT AND TERMINATION

## Plan Amendment

The LTD Plan may be amended at any time with the consent of the Board of Directors of Commerce Clearing House and participating affiliates.

## Plan Termination

While it is the intent of the participating Employers to continue this Plan indefinitely, the Employers do reserve the right to terminate the Plan at any time.

If the Plan is terminated, and if you are totally disabled on the effective date of the Plan termination and are otherwise entitled to benefits under the Plan, you will continue to receive those benefits in accordance with Plan provisions. However, benefits will stop if:

(1) you cease to be totally disabled;

(2) you return to work for a period of at least six consecutive months in any capacity other than in rehabilitative employment (see page 17); or

(3) you return to work for any period of time and become totally disabled from a cause unrelated to the total disability for which you were receiving benefits.

21

# Miscellaneous Information Required by the Employee Retirement Income Security Act of 1974 (ERISA)

We are required by law to furnish you with the following additional items of information regarding the Plan.

*Formal Plan Name*
    CCH Long-Term Disability Plan
**Plan Sponsor and Address**
    Commerce Clearing House, Inc.
    2700 Lake Cook Road
    Riverwoods, Illinois 60015
    312-940-4600
    (after 11/11/89: 708-940-4600)
**Plan Administrator**
    Committee for the CCH Consolidated
    Pension Plan
    2700 Lake Cook Road
    Riverwoods, Illinois 60015
**Agent for Service of Legal Process**
    Committee for the CCH Consolidated
    Pension Plan
    Commerce Clearing House, Inc.
    2700 Lake Cook Road
    Riverwoods, Illinois 60015

**Identification Number assigned to CCH by the Internal Revenue Service**
    36-0936850
**Identification Number assigned to the Committee for the CCH Consolidated Pension Plan by the Internal Revenue Service**
    36-2982606
**Department of Labor Plan Number**
    506
**Type of Plan**
    Defined benefit long-term disability plan
**Plan Year End**
    December 31
**Plan Trustee and Address**
    The Northern Trust Bank
    50 S. La Salle Street
    Chicago, Illinois 60675

23

# Statement of ERISA Rights

As a participant in the CCH Long-Term Disability Plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA), which provides that all Plan participants shall be entitled to:

Examine, without charge, at the company's office and at other specified locations such as worksites and union halls, all Plan documents and copies of all documents filed by the Plan with the U. S. Department of Labor, such as detailed annual reports and Plan descriptions.

Obtain copies of all Plan documents and other Plan information upon written request to the Plan administrator. The administrator may make a reasonable charge for the copies.

Receive a summary of the Plan's annual financial report. The Plan administrator is required by law to furnish each participant with a copy of this summary annual report.

In addition to creating rights for Plan participants, ERISA imposes obligations upon the people who are responsible for the operation of the Plan.

The people who operate your Plan, called "fiduciaries" of the Plan, have a duty to act prudently and in the interest of you and other Plan participants and beneficiaries. No one, including your employer, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a Plan benefit or exercising your rights under ERISA.

If your claim for a Plan benefit is denied in whole or in part, you must receive a written explanation of the reason for the denial. You have the right to have your claim reviewed and reconsidered.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request materials from the Plan administrator and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the Plan administrator to provide the materials and pay you up to $100 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator. If you have a claim for benefits which is denied or ignored in whole or in part you may file suit in a state or federal court. If it should happen that Plan fiduciaries misuse the Plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U. S. Department of Labor or you may

file suit in a federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees (for example, if it finds that your claim is frivolous).

If you have any questions about your Plan, you should contact the Plan administrator. If you have any questions about this statement or about your rights under ERISA, you should contact the nearest Area Office of the U. S. Labor-Management Services Administration, Department of Labor.