# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LINDA LEWIS-RICE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Defendant. | Case No.: 1:07-cv-06525<br><br>**Judge Marvin E. Aspen**<br>**Magistrate Judge Arlander Keys** |

### DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant The Prudential Insurance Company of America ("Prudential"), by its undersigned counsel, for its Answer and Affirmative Defenses to Plaintiff Linda Lewis-Rice's ("Plaintiff") Complaint, states as follows:

*Jurisdiction and Venue*

1.　Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and, in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long-term disability insurance plan underwritten and insured by the Prudential Insurance Company of America ("Prudential") for the benefit of employees of Commerce Clearing House ("CCH").

**ANSWER**:　Prudential denies that the underlying group long term disability insurance policy was issued to Commerce Clearing House as opposed to Wolters Kluwer U.S. Corporation and that any benefits are due or payable to Plaintiff. Answering further, Prudential admits the remaining allegations in ¶1 of Plaintiff's Complaint.

2.　The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

**ANSWER**:　Prudential admits the allegations in sentence 1 of Plaintiff's Complaint.

Prudential makes no answer to the allegations in sentence 2 of ¶2 of Plaintiff's Complaint as they are legal conclusions and no answer is required.

3. Venue is proper in the Northern District of Illinois. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

**ANSWER**: Prudential admits the allegations in ¶3 of Plaintiff's Complaint.

*Nature of Action*

4. This is a claim seeking restoration of disability income benefit payments to Plaintiff pursuant to a policy of group long-term disability insurance (a true and correct copy of which is attached hereto and by that reference incorporated herein as Exhibit "A") underwritten and insured by Prudential under Group Policy No. 41285 for the benefit of employees of CCH. This action, seeking recovery of benefits, is brought pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B).)

**ANSWER**: Prudential admits that Plaintiff seeks disability income benefits pursuant to §502(a)(1)(B) of ERISA (29 U.S.C. §1132(a)(1)(B)) under an employee welfare benefit plan, maintained and sponsored by Wolters Kluwer U.S. Corporation for its eligible employees, with long term disability benefits underwritten by Prudential pursuant to the terms of Group Policy No. DG-42185-IL ("Policy"). Answering further, Prudential states that the Policy speaks for itself and denies each and every allegation in ¶4 of Plaintiff's Complaint contradictory to or inconsistent with the written terms of the Policy. Prudential further neither admits nor denies whether attached as Exhibit A to Plaintiff's Complaint is a true and correct copy of the governing policy for lack of sufficient information to form a belief thereon.

*The Parties*

5. 1he Plaintiff, Linda Lewis-Rice ("Lewis") (DOB 11/xx/53), is and was a resident of Chicago, Illinois at all times relevant hereto.

**ANSWER**: Prudential admits that Plaintiff was born on the stated date. Answering further, Prudential neither admits nor denies the remaining allegations in ¶5 of Plaintiff's Complaint for lack of sufficient information to form a belief thereon.

6. The Defendant, Prudential, is the underwriter and insurer of the CCH Long-Term Disability Plan (the "Plan"), Group Policy No. 41285. At all times relevant hereto, Prudential was engaged in the business of insurance and in the administration of benefits under the aforementioned insurance policy within the Northern District of Illinois.

**ANSWER**: Prudential admits that it underwrites and insures the benefits provided to employees of CCH under group long term disability policy No. DG-41285-IL issued to Wolters Kluwer U.S. Corporation and that at all times relevant hereto, Prudential was engaged in the business of insurance and claims administration within the Northern District of Illinois. Answering further, Prudential denies the remaining allegations in ¶6 of Plaintiff's Complaint.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to her employment with CCH, Lewis received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

**ANSWER**: Prudential admits the allegations in ¶7 of Plaintiff's Complaint.

### *Statement of Facts*

8. Lewis was actively employed as an Order Department Clerk for CCH until April 22, 1992, when she was forced to stop working due to pain in her neck, arms, and back. Lewis has not been actively employed since that date. Lewis alleged disability due to post-laminectomy syndrome, cervical radiculopathy, and degenerative disc disease of the cervical and lumbar spine.

**ANSWER**: Prudential admits that it received documentation which suggests that Plaintiff was employed as an Order Department Clerk for CCH until April 20, 1992, when she left her employment secondary to complaints of low back and leg pain. Prudential further admits that Plaintiff submitted a claim for long term disability benefits based on complaints of sciatica, spondylosis of the lumbar spine with myelopathy as well as a bulging disc at the L4-5 level. Prudential neither admits nor denies the remaining allegations in ¶8 of Plaintiff's Complaint for lack of sufficient information to form a belief thereon.

454493.1

9.      Subsequent to ceasing active employment, Lewis made a claim for Long-Term Disability (LTD) benefits under the Plan. Lewis supported her claim with numerous medical records and other evidence certifying that she met the Plan's definition of "long-term disability," which is defined as follows:

> (1) In the first 24 months of Plan payments, "long-term disability" means your inability to perform the material duties of your regular job solely because of sickness or accidental injury.
>
> (2) After the first 24 months of Plan payments, except ac; described on page 17, "long-term disability" means your inability to engage in ANY occupation for which you are qualified or could reasonably become qualified based on you education, training and experience.

**ANSWER**:   Prudential admits that it received documentation suggesting that subsequent to leaving her employment, Plaintiff applied for long term disability benefits under the CCH employee benefits plan and states that any governing plan document speaks for itself and it denies any and all allegations in ¶9 of Plaintiff's Complaint inconsistent with and/or contradictory to the written terms thereof.

10.     Lewis was awarded L TD benefits under the Plan commencing on October 18, 1992.

**ANSWER**:   Prudential admits that Plaintiff's claim for long term disability benefits was initially denied and on appeal on October 18, 1992 overturned and denies any and all remaining allegations in ¶10 of Plaintiff's Complaint.

11.     Concurrent with her claim for LTD benefits, Lewis also applied for and was awarded Social Security disability benefits. Lewis has continued to receive Social Security benefits since the onset of disability. The Social Security award signified a finding by the Social Security Administration that Lewis is unable to engage in "any substantial gainful activity." 42 U.S.C. §423(d)(l)(A) (definition of disabled under Social Security Act).

**ANSWER**:   Prudential admits that Plaintiff applied for, was eventually approved for and continued to receive Social Security Disability Benefits. Answering further, Prudential denies all remaining allegations in ¶11 of Plaintiff's Complaint.

12.     Lewis received uninterrupted LTD payments for nearly fifteen years until Prudential terminated them on August 1, 2004.  At that time, with no evidence of improvement in Lewis's condition, Prudential determined that she was capable of returning to work in a full time capacity.

**ANSWER**:    Prudential admits that it terminated long term disability benefits effective July 31, 2004 and denies any and all remaining allegations in ¶12 of Plaintiff's Complaint. .

13.     After being notified of the benefit termination, Lewis provided Prudential with multiple medical records and reports, including reports of objective medical testing, establishing that her condition had worsened, not improved, and that she was unable to work at any job due to her physical impairments. Notwithstanding the submission of such evidence, Prudential upheld its decision to terminate benefits.

**ANSWER**:    Prudential admits that it upheld its determination to terminate Plaintiff's claim through the administrative review process and denies any and all remaining allegations in ¶13 of Plaintiff's Complaint.

14.     Lewis subsequently submitted three separate appeals to Prudential on August 24, 2006, February 22, 2007, and August 27, 2007, respectively. With each appeal, Lewis provided Prudential with additional medical evidence from her treating physician verifying the severity of her condition and her consequential inability to work. Despite this additional evidence, Prudential continued to uphold its decision to terminate benefits after each appeal. In doing so, Prudential relied solely on the opinions of doctors who merely reviewed Lewis's file rather than examining her; and none of the consultants utilized by Prudential cited evidence of improvement in Lewis's condition. All required and voluntary pre-suit appeals seeking reinstatement of benefits have now been exhausted.

**ANSWER**:    Prudential admits that it received appeal correspondence dated August 24, 2006, February 22, 2007 and August 27, 2007 and admits that it upheld its decision to terminate benefits through each level of the administrative review process and Plaintiff has now exhausted her administrative remedies.  Answering further, Prudential denies the remaining allegations in ¶14 of Plaintiff's Complaint.

15.     The determination by Prudential is contrary to the terms of the Plan and has no rational support in the evidence. The decision is also contrary to the reports and assessments of all treating physicians; and by relying on the opinions of physicians who never examined the plaintiff. Prudential has denied Lewis due process of law since its determination was based on hearsay evidence that cannot constitutive substantial evidence.

454493.1

**ANSWER**: Prudential denies any and all allegations in ¶15 of Plaintiff's Complaint.

16. As a direct and proximate result of the foregoing, based on the evidence submitted to Prudential establishing Lewis has met and continues to meet the Plan's disability definitions, Lewis is entitled to all benefits due since August 2004, and such benefits must continue until she recovers from disability, dies, or reaches the age of 65, whichever comes first.

**ANSWER**: Prudential denies any and all allegations in ¶16 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (ERISA Preemption)

1. The application of all state laws relating to employee benefit plans is preempted, as this matter arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

2. To the extent Plaintiff is seeking any remedies herein that are not afforded under ERISA those claims for remedies are preempted.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

### SECOND AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

1. All or part of Plaintiff's Complaint fails to state a claim against Prudential upon which relief can be granted.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its

6

reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

## THIRD AFFIRMATIVE DEFENSE
### (Relief Not Available)

1.　　Plaintiff seeks relief that is unavailable under ERISA, which provides the exclusive remedies for claims relating to employee welfare benefit plans, governed by ERISA, such as the plan at issue in this case.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

## FOURTH AFFIRMATIVE DEFENSE
### (Set Off)

1.　　Pursuant to the terms of the Policy, Plaintiff's claims are subject to offset by any Social Security Disability Benefits that Plaintiff may receive or have received; including individual and family awards.

2.　　Prudential must be permitted to set off any Social Security Disability Benefits Award, including individual and family awards, Plaintiff received from any judgment or award decision rendered in favor of Plaintiff or withhold benefits according with the terms of the Policy.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

454493.1

## FIFTH AFFIRMATIVE DEFENSE
### (Plan Documents)

1.      Plaintiff's rights and remedies are limited by the explicit terms of the relevant plan documents, including, but not limited to Group Policy No. and any certificates of coverage relating thereto. These documents are written documents and, as such, are the best evidence of their terms, conditions, coverage, exclusions, limitations, and all other matters pertaining thereto. Accordingly, Prudential pleads the documents referred to in the Complaint, the SPD, and the Group Policy No. DG-42185-IL and all parts thereof as a complete defense to Plaintiff's claim as if copied *in extenso* herein.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

## SIXTH AFFIRMATIVE DEFENSE
### (Conditions Precedent To Coverage)

1.      Incident to her employment, Plaintiff participated in her employer's employee welfare benefit plan with long term disability benefits underwritten by Prudential pursuant to the terms of the Policy.

2.      Prudential conducted a review of Plaintiff's claim for long term disability benefits under the any occupation definition of disability and eventually terminated her claim effective July 1, 2004, authorizing additional benefits through July 31, 2004 as a measure of assistance.

3.      Prudential upheld its decision to terminate benefits through three levels of appeal, given that Plaintiff failed to:

        a.      provide satisfactory proof of continued disability as required under the Policy given that the medical records provided by Plaintiff's treating

8

454493.1

physicians failed to support her claimed limitations and restrictions.

4. Plaintiff failed to satisfy the conditions precedent to coverage and to benefit eligibility as set forth in the Policy.

WHEREFORE, Prudential requests that this Court enter judgment in favor of Prudential, and against Plaintiff, and that this Court award to Prudential such other and further relief as this Court deems just and equitable, including but not limited to an award to Prudential of its reasonable attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

    Respectfully Submitted,

    **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**

    By:   */s/ Edna S. Bailey*
           One of its attorneys

Daniel J. McMahon
Edna S. Bailey
WILSON, ELSER, MOSKOWITZ,
  EDELMAN & DICKER LLP
120 North LaSalle Street, Suite 2600
Chicago, IL 60602
(312) 704-0550
(312) 704-1522

9

454493.1

## CERTIFICATE OF SERVICE

  The undersigned, an attorney, hereby certifies that on January 25, 2008, a copy of the foregoing was served by operation of the Court's electronic filing systems upon the following:

*Attorney for Plaintiff*
Mark D. DeBofsky
Daley, DeBofsky & Bryant
55 West Monroe Street
Suite 2440
Chicago, IL 60603
(312) 372-5200
Email: mdebofsky@ddbchicago.com

  Parties may access this filing through the Court's system.

                */s/ Edna S. Bailey*
                Edna S. Bailey

454493.1